Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/03/2017 12:12 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Richard H. Hoch, respondent.
___ N.W.2d ___

Filed August 11, 2017.    No. S-17-588.

Original action. Judgment of disbarment.

Heavican, C.J., Wright, Miller-Lerman, Cassel, and
Stacy, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of
license filed by respondent, Richard H. Hoch, on June 5, 2017.
The court accepts respondent's voluntary surrender of his
license and enters a judgment of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State
of Nebraska on July 2, 1964. On March 3, 2016, respondent
filed a voluntary surrender of license to practice law, in which
he stated that on August 13, 2016, he received notice from the
Counsel for Discipline of an overdraft on his trust account.
He admits that he misapplied client funds being held in his
trust account and used them to cover office expenses, in vio-
lation of Neb. Ct. R. of Prof. Cond. § 3-501.15. Respondent
stated that he freely, knowingly, and voluntarily chooses
not to contest the truth of the suggested allegations made

against him. He also stated that he freely, knowingly, and voluntarily surrenders his privilege to practice law in the State of Nebraska; waives his right to notice, appearance, or hearing prior to the entry of an order of disbarment; and consents to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the suggested allegations made against him. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the suggested allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of

Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.

KELCH and FUNKE, JJ., not participating.